UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| EDGAR GARCES ROBLES; RAMIOR SOTO ALTAMIRANO; JUAN JOSE SOTO HERNANDEZ; RODOLFO RUIZ DE LA CRUZ,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARIA RAMIREZ, in her individual capacity; JOHN CIRONE, in his individual capacity; FELIPE GONZALEZ, in his individual capacity; RONNY TAYLOR, in his individual capacity; KINNEY COUNTY; BRAD COE, in his individual capacity; RICARDO "RICK" ALVARADO, in his individual capacity; VAL VERDE COUNTY; JOE FRANK MARTINEZ, in his individual capacity; and RECANA SOLUTIONS, LLC,<br><br>*Defendants.* | Civil Action No. 1:23-cv-981 |

**RECANA SOLUTIONS, LLC'S OPPOSED MOTION
TO STAY ALL PROCEEDINGS PENDING APPEAL**

Defendant Recana Solutions, LLC ("Recana") files this Opposed Motion to Stay All Case Proceedings ("Motion") and respectfully shows following:

### I.   INTRODUCTION

1.   Defendants Maria Ramirez, John Cirone, Felipe Gonzalez, Ronny Taylor, Brad Coe, Ricardo Alvarado, and Joe Frank Martinez ("Individual Defendants") filed motions to dismiss Plaintiffs' claims on the basis of qualified immunity, among other things. *See* Doc. 29, 35, 47, 51, 68, & 69.  Recana, Kinney County, and Val Verde County also filed motions to dismiss on grounds other than qualified immunity.  *See* Doc. 29, 36, & 59.

2.   On June 25, 2024, the Court issued an Order denying Defendants' motions to dismiss. *See* Doc. 88.  On July 18, 2024, Defendants Brad Coe, Ricardo Alvarado, and Joe Frank Martinez filed

an appeal of the Court's Order as to the denial of their qualified immunity defenses. *See* Doc. 89 & 90.

3.  On August 7, 2024, Defendants Kinney County, Val Verde County, Brad Coe, Ricardo Alvarado, and Joe Frank Martinez filed their Joint Opposed Motion to Stay All Proceedings Pending Appeal asking that all case proceedings be stayed until a resolution on the pending appeal is reached. *See* Doc. 96. On August 12, 2024, Defendants Ronny Taylor, Felipe Gonzalez, Maria Ramirez, and John Cirone also filed their Opposed Motion to Stay All Proceedings Pending Appeal seeking the same relief. *See* Doc. 97.

4.  On August 14, 2024, Plaintiffs filed an Opposition to the Motions to Stay in which they assert that Recana was "absent from the motions" and assert various other arguments as to why their claims against Recana should not be included in the stay. *See* Doc. 98. Accordingly, Recana files this Motion to clarify its interest in the stay of the case proceedings requested by the other defendants and address the arguments made in Plaintiffs' Opposition concerning Recana. Specifically, Recana requests that a stay be imposed as to all of the proceedings in this case – including Plaintiffs' claims against Recana – due to the commonality of facts underlying Plaintiffs' claims and to avoid the burden and disruption of a bifurcated discovery process that the Supreme Court and Fifth Circuit Court of Appeals have rejected.

## II. RELEVANT FACTUAL ALLEGATIONS

5.  On August 21, 2023, Plaintiffs Edgar Garces Robles, Ramiro Soto Altamirano, Juan Jose Soto Hernandez, and Rodolfo Ruiz de la Cruz (collectively, "Plaintiffs") filed this lawsuit pursuant to 42 U.S.C § 1983 alleging violations of their constitutional rights under the Fourth and Fourteenth Amendments by all Defendants and a claim for negligence against Recana only. *See generally* Doc. 1 ("Complaint"). Specifically, Plaintiffs allege that, after they were arrested for trespassing pursuant to Operation Lone Star ("OLS"), they were "overdetained" and subjected to "overdetention" which they

define as "continued detention after Texas law mandated their release." *Id.* at ¶¶ 1-4, 6, fn. 1. Plaintiffs allege that Defendants Joe Frank Martinez, Brad Coe, Ricardo Alvarado, Maria Ramirez, John Cirone, and Felipe Gonzalez, as officials of Val Verde and Kinney Counties and the prisons where Plaintiffs were detained, are responsible for implementing and executing the counties' policies, practices, and customs applicable to those detained in the counties, including Plaintiffs. *Id.* at ¶¶ 13-20.

6. Plaintiffs further allege that Defendant Ronny Taylor was "hired by the Texas Division of Emergency Management ('TDEM') to help design, administer, and operate" the Val Verde Temporary Processing Center ("VVTPC"), one of the locations where Plaintiffs were detained. *Id.* at ¶ 21. Plaintiffs allege that, "[d]uring these times, Defendant Taylor was responsible for formulating, implementing, and executing policies, customs, and practices applicable to the VVTPC." *Id.* Plaintiffs further allege that Recana operated the VVTPC with Defendant Ronny "Taylor from around September 2021 through November 2021 and independently thereafter." *Id.* at ¶ 22, ¶¶ 36-38. Plaintiffs allege "on information and belief" that in operating the VVTPC, Recana (together with Taylor) created and implemented internal policies "that resulted in release paperwork being processed days to weeks after being received." *Id.* at ¶ 146. And "on information and belief, Defendants Taylor's and/or Recana's policies, practices, and/or customs were applicable to all Plaintiffs' release and caused all Plaintiffs' overdetention." *Id.* at ¶ 148.

7. Based on these facts, Plaintiffs assert the following causes of action: (1) violation of the Fourteenth Amendment under 42 U.S.C. § 1983 (against Individual Defendants and Recana); (2) violation of the Fourteenth Amendment under 42 U.S.C. § 1983 (against Kinney County and Val Verde County); (3) violation of the Fourth Amendment under 42 U.S.C. § 1983 (against Individual Defendants and Recana); (4) violation of the Fourth Amendment under 42 U.S.C. § 1983 (against Kinney County and Val Verde County); and (5) negligence (against Recana). *See id.* at ¶¶ 149-185.

# III. ARGUMENT

**A. A stay of the case proceedings is warranted to avoid the disruption and burden from which the Supreme Court and Fifth Circuit Court of Appeals has sought to protect government officials asserting qualified immunity.**

8. Both the Supreme Court and the Fifth Circuit Court of Appeals have declined to allow even "minimally intrusive discovery" to proceed where a party's entitlement to assert a defense of qualified immunity is at issue. As the Supreme Court noted in *Ashcroft v. Iqbal*, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (citing *Siegert v. Gilley,* 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (Kennedy, J., concurring)). Protecting an official that has raised a qualified immunity defense from discovery is done to avoid "the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed" as well as the "heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Id.* The Supreme Court further held that these concerns are not alleviated by deferring discovery for the parties asserting qualified immunity while allowing "pretrial proceedings [to] continue for other defendants," because "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id.*

9. In its recent decision in *Carswell v. Camp*, the Fifth Circuit Court of Appeals relied on the reasoning in *Iqbal* in vacating the District Court's scheduling order that stayed "'all party discovery ... as to any defendant who asserts qualified immunity,' but not 'as to a defendant asserting qualified immunity as to that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity." 54 F.4th 307, 313 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73, 217 L. Ed.

2d 12 (2023). The Court found that this order was squarely foreclosed by *Iqbal*, reasoning that allowing discovery to proceed against the non-immunity defendants would still require the immunity defendants to participate in discovery and would potentially subject them to multiple depositions as both a witness and a party. *Id.* at 313-314. The Court reasoned that this "bifurcation of discovery would radically complicate the case" and "exacerbate[] the burdens of litigation . . . ." *Id.* at 314.

10. The concerns in allowing discovery to proceed against government officials asserting immunity that were present in both *Iqbal* and *Carswell* are also present in this case. As outlined above, Plaintiffs' claims against Recana mirror those asserted against Taylor. Plaintiffs allege that Taylor was the official initially responsible for formulating and implementing the policies at the VVTPC that Plaintiffs allege contributed to their overdetention. *See* Doc. 1 at ¶ 21. Plaintiffs allege that Taylor then jointly ran the VVTPC with Recana, and that Recana ultimately ran the VVTPC on its own under these same policies. *Id.* at ¶¶ 22, 36-38. Plaintiffs then allege that the policies that were put into place by Taylor and ultimately taken over by Recana violated their rights under the Fourth and Fourteenth Amendments by causing them to be overdetained. *Id.* at ¶¶ 144-148.

11. Therefore, it follows that any discovery that Plaintiffs are permitted to obtain from Recana will undoubtedly touch on the policies that Taylor implemented at the VVTPC. Allowing Plaintiffs to obtain discovery from Recana will ultimately have the effect of allowing discovery to proceed against Taylor. Such discovery will necessarily be disruptive to Taylor and create a "substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed" that both *Iqbal* and *Carswell* have ruled against. Conversely, if the claims against Taylor are stayed while discovery continues against Recana, then valuable information from Taylor may not be available for Recana's defense. Accordingly, a stay of the proceedings of this case, including any proceedings against Recana, is warranted.

**B. The claims on appeal are not "legally distinct" from Plaintiffs' claims against Recana.**

12. In their Opposition to the motions to stay filed by the remaining defendants, Plaintiffs argue that they are entitled to obtain discovery on their claims against Recana and the county defendants because the claims are "legally distinct" from the claims on appeal. *See* Doc. 98 at pp. 3-4. This argument is without merit. In the cases that Plaintiffs rely upon in support of this argument, the claims on appeal to which the official defendants asserted qualified immunity involved separate causes of action and distinct theories of liability from the claims that were not involved in the appeal. *See Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (involving a Section 1983 claim that was on appeal and a Title IX claim that was not); *Howard v. City of Houston, Tex.,* No. CV H-21-1179, 2022 WL 1156097, at *2 (S.D. Tex. Apr. 18, 2022), *appeal dismissed sub nom. Howard v. Acevedo*, No. 22-20208, 2023 WL 7180616 (5th Cir. Aug. 16, 2023) (involving "claims against the City, Serrano, and Vieira—which are not on appeal . . . ."); *Walker v. Stroman,* No. 1:17-CV-00235-ADA, 2020 WL 3545656, at *1 (W.D. Tex. June 30, 2020) (involving "a *Franks* claim and related conspiracy and bystander liability claims" against the individual defendants, which were appealed on the issue of qualified immunity, "as well as Plaintiffs' *Pembaur* claims against the City . . . ."); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 732–33 (N.D. Tex. 2014) (involving four distinct claims pled only against the City and two other claims pled against the individual defendant that were appealed on the issue of qualified immunity).

13. The claims which Individual Defendants have appealed on the issue of qualified immunity are Plaintiffs' Section 1983 claims for violation of their Fourth and Fourteenth Amendment rights. These claims are also asserted against Recana. *See* Doc. 1 at ¶¶ 149-155, 164-170. Thus, the cases Plaintiffs rely upon are inapposite. Further, as explained above, this case is in line with those in *Iqbal* and *Carswell* because of the disruptive nature that discovery against Recana would have due to the commonality of the facts underlying these claims. Therefore, the claims are clearly not legally distinct, and a stay of the proceedings as to Recana is warranted.

**C. Proceedings on Plaintiffs' negligence claim against Recana, although not on appeal, should also be stayed because the facts are intertwined with Plaintiffs' Section 1983 claims.**

14. A stay should also be imposed as to proceedings on Plaintiffs' negligence claim against Recana. While Plaintiffs' negligence claim has only been asserted against Recana, it is premised on the same facts as Plaintiffs' Section 1983 claims. As explained above, the crux of Plaintiffs' Section 1983 claims is that Defendants maintained "policies, practices, and customs" that lead to "people in their custody [being] regularly overdetained . . . ." *See* Doc. 1 at ¶ 152-153, 160-162, 167-169, 175-177. Likewise, Plaintiffs allege that Recana was negligent because it "breached its duty of care by designing and implementing policies and practices that delayed Plaintiffs' release, causing Plaintiffs to be overdetained." *See id.* at ¶ 182. Courts have held that, where claims that are "factually derivative" of those asserted against officer defendants to which qualified immunity has been asserted, "the Court must stay discovery" as to the factually derivative claim "until the Court addresses the Officer Defendants' qualified immunity claims . . . ." *Waller v. City of Fort Worth*, No. 4:15-CV-670-Y, 2015 WL 5836041, at *6 (N.D. Tex. Oct. 2, 2015); *see also Kador v. Gautreaux*, No. CV 23-11-SDD-RLB, 2023 WL 3102559, at *3 (M.D. La. Apr. 26, 2023) (citing *Iqbal*, 556 U.S. at 685-86) ("The underlying factual allegations are so intertwined that allowing discovery to proceed against any of the other defendants would inherently, and inappropriately, require [the officer defendant] to participate in the discovery process.").

15. Further, the legal duty that Plaintiffs allege Recana breached as part of their negligence claim is the same duty invoked by Plaintiffs' Section 1983 claims. In support of their negligence claim, Plaintiffs allege that "[a]s a jailer, Recana owed Plaintiffs a duty to effect [sic] their timely release once the legal authority to detain them had expired." *See* Doc. 1 at ¶ 181. As the Fifth Circuit Court of Appeals has noted, "[a] jailer has a duty to ensure that inmates are timely released for prison" and "[t]he Fourteenth Amendment Due Process Clause is violated where a prisoner remains incarcerated

after the legal authority to hold him has expired." *Hicks v. LeBlanc*, 832 Fed. Appx. 836, 840 (5th Cir. 2020) (citing *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011); *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)). Accordingly, the only difference between Plaintiffs' Section 1983 claims and their negligence claim is the standard of care involved, with Section 1983 imposing a deliberate indifference standard and negligence imposing a reasonably prudent person standard.

16. Because Plaintiffs' negligence claim is both factually and legally derivative of their Section 1983 claims, allowing discovery on this claim will also lead to the disruption against which *Iqbal* and *Carswell* have sought to protect. Therefore, proceedings on Plaintiffs' negligence claim should also be stayed.

## PRAYER FOR RELIEF

For the foregoing reasons, Recana respectfully requests that the Court grant this Motion, stay all proceedings in this case pending resolution by the Fifth Circuit Court of Appeals of the pending appeal on the issue of qualified immunity, and for such other and further relief, at law or in equity, to which Recana may show itself to be justly entitled.

Dated: August 21, 2024                Respectfully submitted,

                                      KANE RUSSELL COLEMAN LOGAN PC

                                      By: */s/ Douglas C. Bracken*
                                          Douglas C. Bracken
                                          Texas State Bar No. 00783697

                                      901 Main Street, Suite 5200
                                      Dallas, Texas 75202
                                      Telephone: (214) 777-4200
                                      Facsimile: (214) 777-4299
                                      Email: dbracken@krcl.com

                                      **Attorney for Recana Solutions, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7 (g), I certify that, on August 21, 2024, counsel for Recana Solutions, LLC conferred with counsel for the parties in a good-faith attempt to resolve the matter addressed in the foregoing motion. Counsel for co-defendants indicated that they were unopposed to the motion. Despite best efforts, an agreement with Plaintiffs' counsel could not be reached because Plaintiffs are opposed to the relief sought and, therefore, they are opposed to the motion.

                                                        */s/ Douglas C. Bracken*
                                                        Douglas C. Bracken

## CERTIFICATE OF SERVICE

This is to certify that on August 21, 2024, a true and correct copy of the foregoing has been served by ECF on all counsel of record as listed below.

| | |
|---|---|
| David A. Donatti<br>Adriana C. Piñon<br>American Civil Liberties Union of Texas<br>P.O. Box 8306<br>Houston, TX 77288<br>ddonatti@aclutx.org<br>apinon@aclutx.org | Nathan Fennell<br>Camilla Hsu<br>Texas Fair Defense Project<br>314 E. Highland Mall Blvd., #204<br>Austin, TX 78752<br>nfennell@fairdefense.org<br>chsu@fairdefense.org |
| Robert Haslam<br>Stanley Young<br>Miranda Rutherford<br>Covington & Burling LLP<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>syoung@cov.com<br>rhaslam@cov.com<br>mrutherford@cov.com | Darren Teshima<br>Covington & Burling LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>dteshima@cov.com |
| Celin Carlo-Gonzalez<br>Covington & Burling LLP<br>The New York Times Building<br>600 Eight Avenue<br>New Yor, NY 10018<br>ccarlogonzalez@cov.com | Quyen Tru'o'ng<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>qtruong@cov.com |

**Attorneys for Plaintiffs**

                                                        */s/ Douglas C. Bracken*
                                                        Douglas C. Bracken